**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAURIE V. ANSORGE,
           Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
           Agency.

DOCKET NUMBER
PH-0845-22-0194-I-1

DATE: May 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kimberly H. Berry, Esquire, Reston, Virginia, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that the appellant had been overpaid Federal Employee Retirement System (FERS) annuity benefits. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and ORDER OPM to cancel its final decision concluding that the appellant was overpaid $2,002.96 in interim annuity benefits and was not eligible for an annuity supplement and to retroactively recalculate the appellant's annuity pursuant to the new evidence discussed below.

## BACKGROUND

¶2    The appellant retired effective October 6, 2021, at age 57 from her position as Supervisory IT Specialist for the Food and Drug Administration (FDA), Department of Health and Human Services (DHHS).  Initial Appeal File (IAF), Tab 1 at 12.  At the time of her retirement, she believed that she had 30 years plus 1 day of creditable Federal service and that she would be eligible to receive a FERS annuity supplement.  IAF, Tab 1 at 4-5, Tab 3 at 4.  On March 22, 2022, OPM notified the appellant that it had determined she had been overpaid $2,002.96 in estimated interim annuity payments and that it would collect the overpayment in seven monthly installments of $269.01 and one final installment of $119.89.  IAF, Tab 3 at 16-18.  The appellant requested reconsideration of the existence and amount of the overpayment, alleging that OPM had incorrectly calculated her annuity by failing to include the annuity supplement she qualified for based on her 30 years of service and her age at retirement, and that she had in fact been underpaid.  *Id.* at 19-20.  On May 5, 2022, OPM issued a final decision concluding that the appellant was not eligible for an annuity supplement because it calculated that she only worked 29 years and 11 months, and it affirmed its initial decision.  IAF, Tab 1 at 8.

¶3    The appellant timely appealed to the Board, arguing that OPM erroneously denied her entitlement to an annuity supplement.  *Id.* at 4.  After holding the requested hearing with only the appellant because OPM failed to participate in the appeal, the administrative judge issued an initial decision affirming OPM's final decision.  IAF, Tab 17, Initial Decision (ID) at 1-2.  The administrative judge

found that based on the language at 5 U.S.C. § 8411(a)[2] and in OPM guidance,[3] the 6 days that the appellant worked in October 2021 constituted a fractional part of a month that did not count towards her creditable service. ID at 2-4. The administrative judge further found that although the appellant relied on retirement estimates provided by the FDA and online platforms that showed that she had just over 30 years of service credit and would be entitled to an unreduced annuity, erroneous advice could not serve to estop OPM from denying benefits prohibited by law and that OPM was bound by the language in 5 U.S.C. § 8411(a). ID at 4 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990)).

¶4    The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. She argued that the Board should grant her petition for review based on new and material evidence coming forward in a constructive discharge case she filed against the FDA as a result of the FDA's error and misadvice in calculating her retirement date. *Id.* at 5-8. She discussed the ongoing confusion regarding her creditable service and specifically noted that her constructive discharge case was in settlement negotiations that could lead to her retirement date being recalculated or corrected to comply with OPM regulations, which would directly affect OPM's final decision in this case. *Id.* at 6. OPM filed a response, maintaining that it correctly computed the appellant's annuity and overpayment based on the records contained in her retirement file at that time. PFR File, Tab 5 at 4-8. In her reply, the appellant discussed additional new and conflicting information regarding her retirement and also stated that she was

---

[2] The relevant statute for determining creditable service for FERS retirement annuity purposes states that "[t]he total service of an employee or Member is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any." 5 U.S.C. § 8411(a)(1).

[3] *See* Office of Personnel Management, *Civil Service Retirement System (CSRS) and Federal Employees' Retirement System (FERS) Handbook for Personnel and Payroll Offices* (*Handbook*), Ch. C050, Sections 50A2.1-2, 50A2.1-3, (Apr. 1998), https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/c050.pdf (last visited May 19, 2023).

awaiting receipt of a proposed settlement agreement in her constructive discharge case that would result in there no longer being an overpayment. PFR File, Tab 6 at 4-10.

¶5        After the record closed on review, the Clerk of the Board issued an order seeking more information as to the impact of the appellant's constructive discharge appeal on the issues in this case and gave both parties the opportunity to reply. PFR File, Tab 7; *see also* PFR File, Tabs 8-10. In her response, the appellant submitted an executed settlement agreement between her and her former agency that states that the DHHS will process the appellant's retirement effective November 30, 2021, and that the DHHS "is taking this action to ensure [the a]ppellant has at least 30-years of Federal service for purposes of determining her eligibility for the FERS Annuity Supplement and MRA [minimum retirement age] +30 retirement." PFR File, Tab 9 at 9. Both the appellant and OPM acknowledged that the DHHS is taking action to implement this agreement, and OPM indicated that it has already been in contact with the DHHS regarding the documentation and other steps necessary to readjudicate the appellant's retirement. PFR File, Tab 9 at 5-6, Tab 10 at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        An appellant bears the burden of proving her entitlement to the retirement benefits she seeks by preponderant evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). Individuals that have reached a minimum retirement age (MRA) based on their year of birth and have at least 30 years of Federal service are entitled to an immediate unreduced retirement annuity under what OPM labels as "MRA+30 retirement." *See* 5 U.S.C. § 8412(a); Office of Personnel Management, *Civil Service Retirement System (CSRS) and Federal Employees' Retirement System (FERS) Handbook for Personnel and Payroll Offices* (*Handbook*), Ch. C041, Section 41B1.1-2, Subpart F, (Apr. 1998),

https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/ c041.pdf (last visited May 19, 2023); *see also De Laet v. Office of Personnel Management*, 70 M.S.P.R. 390, 394 (1996) (recognizing that the *Handbook* is an authoritative interpretation of employee rights and agency responsibilities under Federal retirement laws); PFR File, Tab 5 at 5 n.3.  In addition, individuals who retire before age 62 and who are entitled to an immediate annuity are also eligible for an annuity supplement to bridge the gap until the employee becomes eligible for Social Security benefits.  *See* 5 U.S.C. § 8421(a)(1); *Handbook*, Ch. C051, Section 51A1.1-1, https://www.opm.gov/retirement-center/publications-forms/ csrsfers-handbook/c051.pdf (last visited May 19, 2023).

¶7        The Board may grant a petition for review when the petitioner establishes that new and material evidence is available that, despite due diligence, was not available when the record closed.  5 C.F.R. § 1201.115(d)(1).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).  Evidence is material when it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Here, we find that the appellant's settlement agreement with the DHHS is significant new evidence that warrants granting her petition for review.  To this end, it is clear that the appellant only filed her constructive discharge appeal after the administrative judge issued the initial decision and that she only executed her settlement agreement with the DHHS in November 2022, after the close of the record on review.  PFR File, Tab 1 at 6, Tab 9 at 11. Furthermore, because the settlement agreement adjusts the appellant's years of

creditable Federal service and thus her eligibility for certain retirement benefits such as the annuity supplement at issue in this appeal, it is clearly material.[4] *See* PFR File, Tab 9 at 9.

¶8      As discussed above, OPM found in its final decision that the appellant was not eligible for an annuity supplement because she only worked 29 years and 11 months and that it correctly computed her FERS annuity, and thus that she had been overpaid in estimated interim annuity payments. IAF, Tab 1 at 8. And the administrative judge found that the appellant failed to show that OPM incorrectly calculated her years of service or that its decision was otherwise erroneous. ID at 3-4. However, as a result of the appellant's new evidence, these decisions are based on information that is now factually incorrect and they are therefore erroneous. Specifically, the appellant has presented preponderant evidence demonstrating that she now has at least 30 years of creditable service, is entitled to retire under MRA+30 provisions, is eligible to receive a FERS annuity supplement, and therefore would not have been overpaid in estimated interim annuity payments. PFR File, Tab 9 at 9. As a result, OPM must cancel its final decision and coordinate with the appellant and her former employing agency to obtain the documentation and other information necessary to retroactively

---

[4] Both parties also submitted additional documentation on review that was not submitted below. Specifically, the appellant submitted more recent email correspondence with the FDA/DHHS discussing the calculation of her retirement date, PFR File, Tab 1 at 10-12, OPM submitted documentation in its response regarding how it calculated the appellant's annuity, PFR File, Tab 5 at 11-13, and the appellant submitted documentation in reply including personnel records, historical retirement calculations from multiple agencies and online platforms, and correspondence regarding her retirement. PFR File, Tab 6 at 11-36. However, we find that this evidence is either not new or not material, especially now given our consideration of the appellant's settlement agreement with the DHHS. To the extent that some of these documents were already submitted below, evidence that is already part of the record is not new evidence that warrants granting review. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

recalculate the appellant's retirement benefits based on her new separation date of November 30, 2021.[5, 6]

**ORDER**

¶9   We ORDER OPM to cancel its final decision concluding that the appellant was overpaid $2,002.96 in annuity benefits and was not eligible for an annuity supplement. OPM must coordinate with the appellant and the FDA/DHHS regarding the actions and documentation necessary to retroactively recalculate the appellant's retirement benefits based on her separation date of November 30, 2021, as discussed above, and readjudicate her case accordingly. OPM must complete this action no later than 60 days after the date of this decision.

¶10   We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken

---

[5] Because we are ordering OPM to cancel its final decision and recalculate the retirement benefits that the appellant is owed, we need not address the appellant's remaining argument on review that that she should not be held accountable for her former agency's failure to properly calculate her years of Federal service to assure she met the requirements for MRA+30 retirement and in accordance with the appropriate statutory language and other guidance as outlined in the initial decision. PFR File, Tab 1 at 8.

[6] In her petition for review, the appellant asked OPM to suspend its collection of the overpayment in the installment payments outlined in OPM's initial decision and to refund the amounts collected until this matter is resolved. PFR File, Tab 1 at 5, 8; *see also* IAF, Tab 3 at 17. In its response, OPM stated that it suspended its overpayment collection and refunded the appellant $2,002.96 to return her to the status quo ante. PFR File, Tab 5 at 5, 9-10. In her reply, the appellant explained that, although OPM refunded her $2,002.96, the entire amount of overpayment it expected to collect from her, OPM had actually only collected $807.03 from her. PFR File, Tab 6 at 9; *see* IAF, Tab 3 at 17. She noted that "there will need to be some accounting done to properly settle [her] accounts." PFR File, Tab 6 at 9. We believe that resolution of this issue will necessarily come as a result of OPM recalculating the appellant's retirement benefits. As OPM stated in its response to the Clerk's order, "[o]nce OPM receives official amended records from the employing agency and recalculates the appellant's annuity based on a separation date of November 30, 2021, it will compute all annuity paid and due to the appellant to determine any overpayment/underpayment and will provide the appellant with appropriate due process rights." PFR File, Tab 8 at 6.

to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶11        No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.